## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| A.J. VALET, INC., an Illinois Corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ANTHONY LENCIONI, an individual, | ) | |
| and A VALET PARKING, LLC, an | ) | |
| Illinois limited liability company, d/b/a A | ) | |
| VALET, INC., | | |
| | | |
| Defendants. | | |

## COMPLAINT FOR COPYRIGHT
## INFRINGEMENT AND OTHER RELIEF

Plaintiff, A.J. Valet, Inc., by its undersigned attorneys, complains against

defendants, Anthony Lencioni and A Valet Parking, LLC, d/b/a A Valet, Inc., as follows:

## Introduction

1.     Plaintiff, A.J. Valet, Inc., seeks to halt the unlawful activities of its former

officer, Anthony Lencioni and his new company, A Valet Parking, LLC (hereinafter

"Lencioni").  As alleged herein, Lencioni is infringing upon A.J. Valet's valid copyright,

and in breach of his fiduciary duties to A.J. Valet and in violation of other state laws,

has misappropriated company property and opportunities for his own use and for use

in a new competing business he formed.

## PARTIES

2.      Plaintiff, A.J. Valet, Inc. ("AJV"), is an Illinois Corporation with its principal place of business in Cook County Illinois and secondary place of business in Wauconda, Illinois.  AJV provides valet parking solutions for businesses as well as at private events throughout the Chicago and surburban area.   Mr. Jared C. Friedman served as AJV's COO and has assumed in addition the position of President after the resignation of Anthony Lencioni.

3.      Defendant, Anthony Lencioni, is an individual residing in Wauconda, Illinois.  From approximately March 2011 until May 28, 2013, Mr. Lencioni was an officer of AJV, serving as its president.

4.      Defendant, A Valet Parking LLC, d/b/a A Valet, Inc. ("A Valet") is an Illinois limited liability company with its principal place of business in Lake County, Illinois.  A Valet was incorporated on or about May 30, 2013.

## JURISDICTION AND VENUE

5.      This Court has original and exclusive jurisdiction over copyright actions such as the action alleged herein.  28 U.S.C. § 1338(a).

6.      This Court has supplemental jurisdiction over AJV's state claims pursuant to 28 U.S.C. 1367 because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," the state and federal claims derive from a common nucleus of operative fact, the state claims will not

substantially dominate over the copyright claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

7.     The United States District Court for the Northern District of Illinois has personal jurisdiction because Lencioni conducts business within this District and, on information and belief, Lencioni maintains his residence in this district.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Lencioni and his new venture have their principal place of business, conduct business, and can be found in the Northern District of Illinois; on information and belief, Lencioni resides in this district; and, the causes of action set forth herein have arisen and occurred in whole or in prominent part in the Northern District of Illinois.

## BACKGROUND FACTS
*AJV's Operations*

9.     Since its inception, AJV has provided valet parking services to both business and private-function customers.   These customers recognize AJV as a professional valet parking provider that exceeds expectations.

10.     As a result of its high-quality service, AJV established longstanding relationships with restaurants and nightclubs in the Bangs Lake, Wauconda, Illinois area.   Among these customers are Docks Bar & Grill ("Docks"), J&D's Bar and Grill ("J&D's"), Middleton's on Main ("Middleton's").

11.     AJV began providing valet parking service to Docks in 2011.  Thereafter,

AJV began providing valet parking services to J&D's in Wauconda, Illinois, Middleton's

on Main in Wauconda, Illinois, Kings Landing in Fox Lake, Mill Rose Banquet

Restaurant and Country Store in Barrington, The Arboretum of South Barrington in

South Barrington, Giordano's Restaurants in Orland Park and Oak Brook, Illinois, and

Sideout's in Island Lake, Illinois.

12.     AJV continued to serve Docks and Middleton's, as well as other business

and private customers through most of May 2013.

### *Lencioni Breaches his Fiduciary Duties to AJV*

13.     At all material times during his employment by AJV, Lencioni owed AJV

fiduciary duties, including the duty of loyalty.

14.     During May 2013, and unbeknownst to Mr. Friedman, Lencioni

commenced a completing business, which he refers to as "A Valet."

15.     While still employed by AJV, Lencioni contacted AJV customers,

including Docks, Middleton's and others in an attempt to take them from AJV so that

his new company could provide them with valet services.

16.     On information and belief, while still employed by AJV, Lencioni solicited

AJV employees in an attempt to take them from AJV so that they would become

employees of his new company.

17.     On May 28, 2013, at 4:19:21 PM CDT, Lencioni sent Friedman an email resigning from AJV.  A copy of this email is attached hereto as Exhibit A.

18.     To date, Lencioni has succeeded in taking Docks from AJV so that his new company A Valet could provide them with valet services, and A Valet has provided Docks with valet services.

### *Copyright Infringement*

19.     To enhance its marketing presence, AJV created a distinctive logo to serve as its mark.  This Logo, which AJV has used in commerce since 2011 in the Wauconda area at the businesses served by AJV, at private parties in and around Cook and Lake County, Illinois and the Chicago metropolitan area, and on the Internet, is as follows:



20.     AJV has a valid registered copyright under registration number VA0001861090, dated June 3, 2013.  *See Exhibit B.*  AJV created the logo in 2011 and first used it in commence in or about March, 2011.

21.     Consumers associate the AJV's copyrighted logo with AJV's services.  The logo is distinctive and AJV has at all times exercised control over the quality of services and has used the mark in a trademark sense.

22.     Since leaving AJV's employ, Lencioni, individually and as agent of A Valet, has infringed on AJV's mark by using a mark on its valet tickets that is identical to AJV's mark with the exception that the "J." is deleted:



*Trademark Infringement*

23.     AJV's copyrighted logo also serves as it trademark.  This mark, which it has used in commerce since 2011 in the Wauconda area at the businesses served by AJV, at private parties in and around Lake County, Illinois and the Chicago metropolitan area, and on the Internet.

24.     AJV was the first entity to use the mark in the Wauconda area at the businesses served by AJV and at private parties in and around Lake County, Illinois and the north Chicago metropolitan area, and on the Internet.

25. Consumers associate the AJV's mark with AJV's services. The mark is distinctive and AJV has at all times exercised control over the quality of services and has used the mark in a trademark sense.

*26.* Since leaving AJV's employ, Lencioni, individually and as agent of A Valet, has infringed on AJV's mark by using a mark on its valet tickets that is identical to AJV's mark with the exception that the "J." is deleted (See paragraph 23).

### *Property theft*

27. Subsequent to his resignation, Lencioni, individually and as agent of A Valet, has wrongfully asserted dominion and control over AJV's property, taking the property for his own use and for use in his new business.

28. Lencioni, individually and as agent of A Valet, has took the following AJV property that was located at Docks: (i) 1 Podium, which was defaced by removing the AJV logo; (ii) 1 large sign, was defaced by covering the AJ Valet, Inc. logo; (iii) approximately 15 orange cones; and (iv) approximately $8,825.00 due from Docks and payable to AJV for all work performed prior to May 28, 2013.

29. Lencioni, individually and as agent of A Valet, has took the following AJV property that was located at Middleton's: (i) 1 key box; (ii) 1 large sign; and (iii) 1 small sign.

30.     Lencioni, individually and as agent of A Valet, has also took the following AJV property that was located at another AJV customer, the Arboretum:  (i) 2 extra-large signs bearing the AJV logo; and (ii) 2 large signs bearing the AJV logo.

31.     Further, Lencioni, individually and as agent of A Valet, took 1 large AJV sign and 1 small AJV sign from another AJV client location; King's Landing, which is now closed.

32.     Lencioni, individually and as agent of A Valet, has claimed via text messages to Friedman that he possesses various amounts of AJV's money.  While Lencioni has admitted to possessing at least $3,800 in cash belonging to AJV, on information and belief, Lencioni actually possess approximately $5,000 in cash belonging to AJV.

33.     Furthermore, based upon Lencioni's fiduciary breach and negligence, Lencioni, individually and as agent of A Valet, was in control of a remittance from Kings Island for well over three weeks and when finally deposited into the AJV bank account was returned as Kings Island ceased conducting business.

34.     Lencioni, individually and as agent of A Valet, has on information and belief, other AJV property such as shirts, hats, jackets, etc.

*Damages*

35.     As a result of Lencioni's unlawful conduct alleged herein, AJV's reputation has been damaged and it has suffered a loss of business, including, but not limited to the loss of the Docks account.

36.     On June 6, 2013, AJV, through counsel, demanded the cessation of Lencioni/A Valet's unlawful conduct and the return of all AJV property. *See Exhibit C.*

37.     To date, Lencioni, individually and as agent of A Valet, has failed to respond to those demands and continues his unlawful and possession of AJV property, including its valuable mark.

## COUNT I
## (Copyright Infringement)

38.     Plaintiff restates and realleges paragraphs 1 through 37 as if fully set forth herein. AJV has properly registered and owns or controls the copyrights for its Logo, including but not limited to the work identified in Exhibit A.

39.     Without authorization from AJV, or right under law, defendant Lencioni, individually and as agent of A Valet, has unlawfully used plaintiffs' copyrighted work, including the one on Exhibit A, by displaying it in connection with his business in violation of the Copyright Act, 17 U.S.C. § 106 (5).

40.     Lencioni, individually and as agent of A Valet, has is directly liable for these acts of infringement under the Copyright Act.  The infringing works are in possession of Lencioni, individually and as agent of A Valet, has who willfully caused

them to be displayed in connection with his business in violation of the Copyright Act, 17 U.S.C. § 106 (5).

41.     The foregoing acts of infringement by defendants have been willful, intentional and purposeful, in disregard of and indifferent to plaintiffs' rights.

42.     As a direct and proximate result of defendants' infringement of plaintiffs' exclusive rights under copyright, plaintiffs are entitled to damages as well as defendants' profits pursuant to 17 U.S.C. § 504(b).

43.     Alternatively, plaintiffs are entitled to the maximum statutory damages, in the amount of $150,000 per infringement, pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

44.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

45.     Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, plaintiffs are entitled to a preliminary and permanent injunction prohibiting further infringements of their copyrights and exclusive rights under copyright.

## COUNT II
### (Common Law Trademark Infringement)

46.     Plaintiff restates and realleges paragraphs 1 through 45 as if fully set forth herein.

47.     At all material times, AJV had a common law trademark on it AJV logo, which give AJV a protectable interest in the mark.

48.     Lencioni, individually and as agent of A Valet, has infringed upon AJV's mark by misappropriating it for use in Lencioni's new business.

49.     Lencioni, individually and as agent of A Valet, misappropriation will cause customers to believe that valet services provided by A Valet are associated with AJV even though AJV has no association with and no ability to control the quality of services provided by A Valet.

50.     Unless restrained from such unlawful misappropriation, Lencioni/A Valet's misuse of AJV's copy written Logo and common law trademark will cause AJV irreparable harm through the diminution of AJV's reputation for which there is no adequate remedy at law.

## COUNT III
### (Breach of Fiduciary Duty)

51.     Plaintiff restates and realleges paragraphs 1 through 50 as if fully set forth herein.

52. At material times, Lencioni owed AJV the fiduciary duties of loyalty and care. As part of these duties, Lencioni owed AJV the duty to deal openly and honestly with AJV and to exercise the utmost good faith and honesty in all dealings and transactions with it.

53. Defendant Lencioni breached his fiduciary duties to AJV by, *inter alia* (a) starting a new competing venture to usurp AJV's corporate opportunities; and (b) taking AJV's customers for his new venture.

54. As a result of Defendant Lencioni's breaches of his fiduciary duties owed to AJV, AJV has been damaged by the loss of revenues from business unlawfully usurped by Defendant Lencioni

55. Defendant Lencioni's misconduct alleged herein was willful and wanton, justifying the award of punitive damages.

### COUNT IV
### (Tortious Interference with Business Expectancy)

56. Plaintiff restates and realleges paragraphs 1 through 55 as if fully set forth herein.

57. At all relevant times hereto, AJV had a reasonable expectation of continued employment by the customers its served, including Docks.

58. At all relevant times, Lencioni, individually and as agent of A Valet, was aware of said expectancies.

59.     Lencioni's solicitation and usurpation of plaintiff's customers, individually and as agent of A Valet, were wrongful in nature in breach of Lencioni's fiduciary duties to AJV and constituted an interference by Lencioni, individually and as agent of A Valet, for the purpose of defeating this expectancy and/or to steer said customers to his new business.

60.     As a direct and proximate result, Plaintiffs have suffered damages including but not limited to the loss of at least one account.

## COUNT V
### (Conversion)

61.     Plaintiff restates and realleges paragraphs 1 through 60 as if fully set forth herein.

62.     AJV has a right to the signage, key boxes, podium, cones, cash, and other items in Lencioni's possession as alleged herein (the "Property").

63.     AJV has the unconditional right to the immediate possession of the Property.

64.     AJV has made demand for the Property and Lencioni has wrongfully and without authorization assumed control, dominion, or ownership over the Property.

WHEREFORE, plaintiff, AJV, requests that this Honorable Court enter a preliminary and permanent injunction against Lencioni and enjoin him from making any further misappropriation of AJV's Logo and trademark, including the defacing of said mark, enter an order requiring the return of all AJV property under Lencioni's

dominion and/or control, impose a constructive trust upon any profits earned through Lencioni's breach of fiduciary duties, and award AJV statutory damages for copyright infringement, all other allowable damages including punitive damages, cost and expenses, including attorneys' fees, in bringing this action; and all such other and further relief as the Court deems just.

Respectfully Submitted,

By: /s/ Peter S. Stamatis
One of his lawyers

Peter S. Stamatis
Law Offices of Peter S. Stamatis, PC
77 West Wacker Drive
Suite 4800
Chicago, Illinois 60601
T: 312.606.0045.
F: 312.606.0085
Atty. Code: 6217496